ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ERNEST PEREZ, | ) | CASE NO. 5:09CV1350 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| UNITED STATES OF AMERICA, | ) | <u>AND ORDER</u> |
| | ) | |
| Respondent. | ) | |

This matter came before the Court on a petition to vacate, set aside, or amend sentence filed pursuant to 28 U.S.C. § 2255 by Petitioner Ernest Perez. The motion is DENIED.

Perez' motion raises only one issue, asserting that this Court erred in computing his criminal history category during his sentencing. Specifically, Perez contends that he should not have received a total of two points from deferred adjudications in the state of Texas. Perez asserts that he successfully completed the deferred adjudication program for each offense and thus there was never a final conviction for either offense. The Court finds no merit in this argument.

The Circuit Court that includes the state of Texas has repeatedly addressed the issue of whether these types of deferred adjudications should result in points for the purpose of calculating a defendant's criminal history. This Court finds the reasoning of the Fifth Circuit to be persuasive.

> While it is clear under Texas law that "deferred adjudication probation" does not involve a finding of guilt by the state court, that probation may nonetheless be counted as a prior sentence under the Guidelines. Section 4A1.2(f) of the Guidelines provides:

> (f) Diversionary Dispositions
>
> Diversion from the judicial process without a finding of guilt (e.g., deferred prosecution) is not counted. A diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a [prior] sentence ... even if a conviction is not formally entered.
>
> The Commentary to this section adds that "diversionary dispositions [are counted] if they involved a judicial determination of guilt or an admission of guilt in open court."

*United States v. Giraldo-Lara*, 919 F.2d 19, 22-23 (5th Cir. 1990) (footnote, citation, and emphasis omitted). Texas' deferred adjudication program requires an admission of guilt or a plea of nolo contendere and a judicial determination of guilt. *See* Tex. Code. Crim. Proc. Art. 42.12, § 5(a) ("the judge may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt"). Accordingly, the deferred adjudication offenses were properly scored in Perez' criminal history. *Giraldo-Lara*, 919 F.2d at 23.

The petition to vacate is DENIED. Pursuant to 28 U.S.C § 1915(a)(3), the Court certifies that Petitioner may not take an appeal from the Court's decision in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

   December 30, 2009                            /s/   John R. Adams
Date                                                   John R. Adams
                                                         U.S. District Judge